## Case No. 2,862.

CLARK v. SICKEL. FARNUM v. SAME. LEA v. LEEDS. SELLERS v. SICKEL.

[14 Int. Rev. Rec. (1871) 6; 4 Am. Law T. 141; 18 Pittsb. Leg. J. 309; 1 Leg. Op. 151.]

Circuit Court, E. D. Pennsylvania.

INTERNAL REVENUE—INCOME TAX—ACT JUNE 30, 1864.

1. The act of June 30, 1864 [13 Stat. 225], is within the power conferred by the constitution upon congress, so far as it imposes a tax upon incomes.

2. The income tax is not a capitation or other direct tax.

[At law. Actions by Clarence H. Clark against Horatio G. Sickel, Mary E. Farnum against the same, William Sellers against the same, and by Henry C. Lea against William R. Leeds.]

STRONG, Circuit Justice. The pleadings in all these cases raise the question whether the act of congress of June 30, 1864, and its supplements, so far as they impose a tax upon the annual gains, profits, or income of every person residing in the United States, or of any citizen of the United States residing abroad, are within the power conferred by the constitution upon congress. If it be true, as has been argued, that the income tax is a "capitation or other direct tax" within the meaning of the constitution, it is undoubtedly prohibited by the first and ninth sections of the first article, for it is not "apportioned among the states." But I am of opinion that it is not a "capitation or other direct tax" in the sense in which the framers of the constitution and the people of the states who adopted it understood such taxes. The reasons for my opinion it would answer no good purpose for me to state at length, inasmuch as these cases will doubtless go to the supreme court for ultimate decision. It is sufficient for me now to state that in my judgment congress has a constitutional right to impose all the taxes of which the plaintiffs complain, and that none of them are such as must necessarily be apportioned. With the policy of such an imposition I have, as a judge, nothing to do. Let judgment be entered for the defendants on the several demurrers.